UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNIFER DOUGAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 03-CV-0886-CVE-SAJ |
| **STATE FARM MUTUAL AUTOMOBILE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is State Farm Mutual Automobile Insurance Company's ("State Farm") Supplemental Motion for Summary Judgment and Brief in Support (the "supplemental motion") (Dkt. ## 54, 57) filed on May 2, 2005. The defendant requests that the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, enter summary judgment in defendant's favor as to plaintiff's claim for breach of the implied duty of good faith and fair dealing arising out of the defendant's investigation of plaintiff's insurance claim. See Fed. R. Civ. P. 56.

This case was originally assigned to Judge Sven Erik Holmes. On November 18, 2004, Judge Holmes held a hearing on the defendant's original motion for summary judgment (Dkt. # 23), which addressed plaintiff's claims for breach of contract and for breach of the duty of good faith and fair dealing, arising both out of defendant's investigation and initial denial of plaintiff's claims, and out of defendant's conduct following the parties' voluntary arbitration proceedings. Following the November 18, 2004 hearing, the Court entered an order (Dkt. # 43), granting in part and denying in part defendant's motion for summary judgment. The Court found that defendant State Farm was entitled to summary judgment on plaintiff's breach of contract claim because State Farm paid plaintiff the full policy amount pursuant to the arbitration award obtained by plaintiff after State

Farm initially denied her claim. The Court also found that State Farm was entitled to summary judgment on the plaintiff's bad faith claim regarding State Farm's conduct following the arbitration. However, the Court found that, on the record before the Court at that time, there were issues of material fact regarding plaintiff's bad faith claim for defendant's conduct from the time following the accident until it initially denied plaintiff's claim. The Court directed the parties to focus discovery on that time period, and gave defendant leave to file another motion for summary judgment on that issue if it wished. This case was transferred to the undersigned on March 16, 2005, and the supplemental motion is now before the Court.

In its supplemental motion, defendant State Farm does not set forth any new facts. State Farm's "Statement of Uncontested Facts" consists of the statement that "State Farm incorporates herein, and makes a part hereof for all purposes, its Statement of Uncontested Facts and Exhibits from Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment and Brief in Support . . . filed on September 2, 2004." (Def.'s Supplemental Mot. for Summ. J., Dkt. ## 54, 57, at 2.) As stated above, the Court has already considered the original motion and has ruled that there are questions of material fact with regard to plaintiff's bad faith claim for State Farm's conduct surrounding the investigation and initial denial of plaintiff's insurance claim. Accordingly, the Court has found that defendant's motion for summary judgment on that claim should be denied. Because defendant offers no new evidence in its supplemental motion, the motion appears to be either a motion for reconsideration or a motion for relief from judgment or order with regard to the Court's order (Dkt. # 43) on defendant's original motion for summary judgment (Dkt. # 23).

A motion for reconsideration is not among the motions recognized by the Federal Rules of Civil Procedure. Rule 60(b) provides that a court may, however, relieve a party from a final judgment, order, or proceeding under certain circumstances. Whether to grant or deny a motion for reconsideration under Rule 60(b) is committed to the Court's discretion. See Hancock v. Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988). Relief under Rule 60(b) is warranted only under exceptional circumstances. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Generally, courts recognize three major grounds for reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Hamner v. BMY Combat Sys., 874. F. Supp. 322 (D. Kan. 1995). Revisiting the issues already considered is not the purpose of a motion to reconsider. See Van Skiver, 952 F.2d at 1243.

Defendant, in its supplemental motion, offers no new authority to support its claims. Rather, defendant reiterates arguments made and rejected by the Court in the order on the original motion for summary judgment (Dkt. # 43). In that order, the Court found that "genuine issues of material fact exist regarding Plaintiff's bad faith claim for State Farm's conduct arising out of its investigation of the accident." (Dec. 21, 2004 Order, Dkt. # 43, at 2-3.) Because defendant has raised no new arguments in its supplemental motion and because, after a careful review of the record, the Court finds no error in the original order (Dkt. # 43), defendant State Farm Mutual Automobile Insurance Company's Supplemental Motion for Summary Judgment (Dkt. ## 54, 57) is hereby **DENIED**.

**IT IS SO ORDERED** this 21st day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3