UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNIFER DOUGAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 03-CV-0886-CVE-SAJ |
| | ) |
| **STATE FARM MUTUAL AUTOMOBILE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**OPINION AND ORDER**

Now before the Court are plaintiff's motion to alter or amend the judgment to award prejudgment interest (Dkt. # 123), defendant's renewed motion for judgment as a matter of law (Dkt. # 128), defendant's motion for new trial (Dkt. # 129-1), and defendant's motion to alter or amend the judgment (Dkt. # 129-2). On December 15, 2005, a jury returned a verdict in favor of plaintiff on her claim that her insurer, defendant State Farm Mutual Automobile Insurance Company ("State Farm"), breached its duty of good faith and fair dealing when it failed to reasonably investigate a pedestrian-automobile accident in which plaintiff was injured.

Plaintiff's bad faith claim was limited to State Farm's conduct arising out of its investigation of the August 24, 2000 accident (Dkt. # 43). At the time of the accident, plaintiff had underinsured motorist coverage issued by defendant in the amount of $100,000. During trial, plaintiff presented evidence through lay and expert witness testimony of defendant's unreasonableness. Plaintiff showed that State Farm denied her $100,000 under her parents' insurance contract and that this amount was later awarded to her in arbitration. To support her claim to compensatory damages, plaintiff testified that she felt betrayed and upset when she opened the denial letter from State Farm. Plaintiff's father also testified that his daughter was upset by the denial of coverage. However,

plaintiff introduced no evidence of embarrassment or loss to her reputation that she may have suffered due to State Farm's bad faith. Plaintiff presented no evidence that her medical bills were unpaid, that she sought counseling, or that she lost sleep due to State Farm's bad faith. Plaintiff received payment of the full insurance policy proceeds approximately fifteen months after her claim was initially denied.

Jury deliberations were bifurcated. The first stage verdict forms addressed compensatory damages and, if the jury were to find for plaintiff, instructed the jury to answer a special interrogatory. In the first stage, the jury was instructed on the plaintiff's burden of establishing with reasonable certainty the fact that she has incurred actual damages and her burden to provide a reasonable basis for determining the amount of damages, if any. Dkt. # 118, at 20. The jury was further instructed that, in accordance with Oklahoma law, the measure of compensatory damages for a bad faith claim is the amount of money that will compensate plaintiff for any loss she suffered as a result of defendant's failure to pay her claim. Id. at 21. Jurors were instructed that they could consider embarrassment and loss of reputation and mental pain and suffering when calculating actual damages. Id.; Timmons v. Royal Globe Ins. Co., 653 P.2d 907 (Okla. 1982). The parties agreed that plaintiff suffered no financial losses due to State Farm's bad faith.

The jury awarded plaintiff $753,500 in compensatory damages (Dkt. # 120). On the special interrogatory, the jury found "by clear and convincing evidence that the defendant . . . recklessly disregarded its duty to deal fairly and act in good faith with its insured." Id. at 2. In the second stage, the jury awarded no punitive damages to plaintiff (Dkt. # 121). The Court finds that the verdict is excessive, for the reasons stated below.

Courts may resolve excessive verdicts through conditioning the denial of a Rule 59(a) motion for a new trial upon the acceptance by the plaintiff of a remittitur in a stated amount. See Linn v. United Plant Guard Workers of America, Local, 383 U.S. 53, 65-66 (1966) ("If the amount of damages awarded is excessive, it is the duty of the trial judge to require a remittitur or a new trial."); Holmes v. Wack, 464 F.2d 86 (10th Cir. 1972). Where the Court believes that the judgment for damages is excessive, that is, against the weight of the evidence, the court may order a remittitur and alternatively direct that there be a new trail if plaintiff refuses to accept it. Klein v. Grynberg, 44 F.3d 1497, 1504 (10th Cir. 1995). "[I]f damages award is deemed to be excessive, but not the result of passion, prejudice or bias, the court may order a remittitur, and . . . such a decision rests within the sound discretion of the trial court." Mason v. Texaco, Inc., 948 F.2d 1546, 1560 (10th Cir. 1991); see Holmes, 464 F.2d at 89. There is no evidence of, nor does defendant allege, prejudice, passion or bias infecting the decisions of the jury. On a Rule 50(a) motion, the Court must view the evidence in the light most favorable to the prevailing party at trial and draw all reasonable inferences in that party's favor. See Blanke v. Alexander, 152 F.3d 1224, 1236 (10th Cir. 1998).

The evidence presented at trial was insufficient to support the jury award of $753,500 for compensatory damages suffered. It appears that jurors may have been improperly influenced in the first stage by the desire to punish defendant. Compensatory damages are not designed to punish defendants. See Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 432 (2001). An award of $753,500 for "betrayal" and "being upset" based upon delayed payment of $100,000 shocks the judicial conscience. See Mason, 948 F.2d at 1561. At most, the evidence of actual damages supports an award of no more than $100,000, equal to the delayed policy limit payment.

Accordingly, the jury's total award is excessive insofar as it exceeds $100,000, exclusive of prejudgment interest, plus reasonable attorney fees and costs.

After viewing the evidence in a light most favorable to plaintiff and drawing all reasonable inferences in her favor, the Court finds, without considering credibility, that the evidence supports a jury award of no more than $100,000 in favor of plaintiff. Absent plaintiff's acceptance of remittitur, the Court will grant defendant's motion for new trial (Dkt. # 129-1). See Hetzel v. Prince William County, Va., 523 U.S. 208, 211-12 (1998) ("the trial judge's discretion includes 'overturning verdicts for excessiveness and ordering a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur).'") (quoting Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 433 (1996)).

Further, Oklahoma law authorizes prejudgment interest on actual damages for mental pain and suffering on a bad faith claim. Okla. Stat. tit. 12, § 727(E); see Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1109 (Okla. 2005) ("There can be no question that under Timmons v. Royal Globe Ins. Co., 1985 OK 76, 713 P.2d 589, when a severed element of damage recovery in the form of recompense for embarrassment, and mental pain and suffering is allowed and separately identified in a jury verdict, § 727(E) applies to allow prejudgment interest thereon."). Accordingly, the Court will hold plaintiff's motion to alter or amend the judgment (Dkt. # 123) under advisement pending her decision regarding remittitur.

**IT IS THEREFORE ORDERED** that the judgment (Dkt. # 122) is **vacated,** and defendant's motion (Dkt. # 129-1) is **granted. If plaintiff does not agree to a remittitur reducing the $753,500 damages award to $100,000, a new trial will be set**. **Plaintiff is instructed to file a response to this Opinion and Order by May 5, 2006, in which she accepts this remitted verdict or elects a new trial.**

**IT IS FURTHER ORDERED** that plaintiff's motion to alter or amend the judgment to award prejudgment interest (Dkt. # 123) is under advisement pending a decision on remittitur; defendant's renewed motion for judgment as a matter of law (Dkt. # 128) is **denied**; and defendant's motion to alter or amend the judgment (Dkt. # 129-2) is **denied**.

**IT IS SO ORDERED** this 26th day of April, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT