# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER DOUGAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 03-CV-0886-CVE-SAJ |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's motion to alter or amend the judgment to award prejudgment interest (Dkt. # 123),[1] plaintiff's motion to reconsider (Dkt. # 141), and plaintiff's consent to remittitur (Dkt. # 142). On December 15, 2005, a jury returned a $753,500 verdict in favor of plaintiff on her claim that her insurer, defendant State Farm Mutual Automobile Insurance Company ("State Farm"), breached its duty of good faith and fair dealing when it failed to reasonably investigate a pedestrian-automobile accident in which plaintiff was injured. On April 26, 2006, the Court ordered remittitur of the jury award from $753,500 to $100,000 or, in the alternative, granted a new trial. Dkt. # 138. Plaintiff accepts remittitur but asks the Court to reinstate the full jury award on the basis of new evidence, mistake, the weight of the evidence, and deference to the jury. For reasons set forth below, the Court affirms its prior opinion and order, enters judgment in favor of plaintiff for $100,000, and awards plaintiff prejudgment interest.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the

---

[1] Plaintiff subsequently filed a supplemental motion to alter or amend judgment (Dkt. # 127) which mirrors the original motion but includes a statement of compliance with Local Court Rule 7.1(E).

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff moves for reconsideration under both Rule 59 and Rule 60.

A Rule 59(e) motion to alter or amend the judgment is warranted where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation and quotation marks omitted); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179 (10th Cir. 2000). "[A] Rule 59(e) motion is normally granted 'only to correct manifest errors of law or to present newly discovered evidence.'" Jennings v. Rivers, 394 F.3d 850, 855 (10th Cir. 2005) (quoting Adams, 225 F.3d at 1186 n.5).

Plaintiff argues that she has new evidence which merits reconsideration of remittitur. Allegedly, plaintiff recently discovered that defense counsel misrepresented that it had never received plaintiff's computation of damages. According to plaintiff, the alleged misrepresentation led the Court to sustain an objection to evidence of attorney's fees incurred due to defendant's bad faith, thereby limiting the jury award. After reviewing the record, the Court finds no misrepresentation. While plaintiff provided defendant information on attorneys' fees and costs during settlement negotiations (Dkt. # 141, Ex. B), a local rule prohibits the use of such communications in trial. LCvR 16.2(i). There is no evidence that plaintiff provided defendant with a computation of damages regarding attorneys' fees, as mandated by Fed. R. Civ. P. 26(a)(1)(C). During a bench conference, plaintiff's counsel stated that he had told members of the defense team that attorneys' fees related to the arbitration proceedings amounted to over $50,000. However, when asked for the documents or exhibits supporting this assertion, which would have enabled defendant

2

to conduct discovery, plaintiff's counsel conceded "[t]hat wasn't done, Your Honor." Dkt. # 137, Transcript of Trial on December 14, 2005, at 325. As directed by the Federal Rules of Civil Procedure, the Court excluded evidence at trial which was not properly disclosed in discovery. Fed. R. Civ. P. 37(c)(1). Given that there was no misrepresentation, there is no newly discovered evidence to support amendment of the judgment.

Next, plaintiff asserts that the Court made an incorrect finding in its April 26, 2006 opinion and order. The Court did mistakenly state in its prior order that "[t]he parties agreed that plaintiff suffered no financial losses due to State Farm's bad faith." Dkt. # 138, at 2. The Court should have stated that it excluded evidence of economic damages when plaintiff's counsel conceded that he had not produced the attorneys' fee evidence in discovery. See Dkt. # 137, at 325. Although plaintiff argued that there were financial losses, no such evidence was introduced at trial. The Court's simple mistake in its prior order does not amount to a manifest error of law and, accordingly, there is no cause for vacating the April 26, 2006 opinion and order. See Adams, 225 F.3d at 1186 n.5.

Plaintiff has not presented new evidence or an intervening change in the law to support her arguments that the weight of the evidence and deference to the jury require that the jury verdict be sustained. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of the Paraclete, 204 F.3d at 1012. Accordingly, these arguments are improper grounds for a motion to reconsider.

Under Rule 60(b), a party may seek relief from a final judgment, order, or proceeding due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)

the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). The Court has substantial discretion in connection with a Rule 60(b) motion. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

For the reasons stated above, the Court finds that plaintiff has not presented newly discovered evidence, there was no misrepresentation by defendant, and there was no manifest error of law by the Court. In her motion to reconsider, plaintiff reargues that the weight of the evidence justifies the jury verdict but introduces no new case law or evidence. A motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts" previously available. Servants of the Paraclete, 204 F.3d at 1012. Therefore, this ground for reconsideration is not properly before the Court. See Cashner, 98 F.3d at 577 ("'revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.'") (citation omitted).

Finally, the Court finds that plaintiff is entitled to prejudgment interest. Oklahoma law authorizes prejudgment interest upon a verdict for damages "by reason of personal injuries,"

including mental pain and suffering. Okla. Stat. tit. 12, § 727(E); see <u>Badillo v. Mid Century Ins. Co.</u>, 121 P.3d 1080, 1109 (Okla. 2005) ("There can be no question that under <u>Timmons v. Royal Globe Ins. Co.</u>, 1985 OK 76, 713 P.2d 589, when a severed element of damage recovery in the form of recompense for embarrassment, and mental pain and suffering is allowed and separately identified in a jury verdict, § 727(E) applies to allow prejudgment interest thereon."). Prejudgment interest is calculated pursuant to Okla. Stat. tit. 12, § 727.[2] Prejudgment interest is calculated from the date the lawsuit is commenced to the date of final judgment. <u>Id.</u>

| Period | Applicable Interest Rate | Amount of Prejudgment Interest for Stated Period |
|---|---|---|
| 10/10/02-12/31/02 | 7.48% | $1,680.44 |
| 01/01/03-12/31/03 | 5.63% | $5,630.00 |
| 01/01/04-12/31/04 | 5.01% | $5,010.00 |
| 01/01/05-12/30/05 | 7.25% | $7,250.00 |
| 01/01/06-06/20/06 | 9.25% | $4,333.56 |
| **TOTAL** | | **$23,904.00** |

The total amount of prejudgment interest is $23,904.

---

[2]      Section 727 applies to all actions filed on or after January 1, 2000, but before January 1, 2005. Okla. Stat. tit. 12, § 727(K). This action was originally filed in state court on October 10, 2002.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider (Dkt. # 141) is **denied**, and plaintiff's motion to alter or amend the judgment (Dkt. # 123) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's consent to remittitur (Dkt. # 142) is **accepted.** Judgment will be entered accordingly.

**DATED** this 20th day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT